**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIUFANG TANG, | No. 10-71286 |
| Petitioner, | Agency No. A099-898-528 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Xiufang Tang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the BIA's denial of CAT relief. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) ("To receive relief under CAT, Petitioner has the burden of showing that he is more likely than not to be tortured in the country of removal.") (internal quotation and citation omitted).

Tang testified to several harms she suffered on account of her participation in a house church, including an arrest, a ten day detention, interrogations, beating, loss of employment, a signed guarantee she would not participate in any church organization meeting, and a requirement to report to the police on a weekly basis. Substantial evidence does not support the BIA's determination that Tang's mistreatment did not rise to the level of persecution. *See Guo*, 361 F.3d at 1203 (totality of the circumstances including physical harm during one and a half day detention coupled with threats compelled finding of past persecution). In light of this conclusion, we grant the petition for review as to Tang's asylum and withholding of removal claims, and we remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Tang's request for oral argument is denied.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part, GRANTED in part; REMANDED.**